UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHNNY SWANK** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-3122** |
| **ROBERT C. TANNER, WARDEN, ET AL.** | **SECTION: "R"(3)** |

**O R D E R**

Plaintiff has submitted a letter to the Court in which he requests assistance in obtaining his disciplinary and mental health records for his use as this case progresses. Rec. Doc. 6. However, this case is still undergoing the mandatory initial screening required by federal law. See 28 U.S.C. § 1915A. Once that screening is complete and the defendants are served, if such service is deemed necessary, plaintiff may request the documents he seeks through discovery. Accordingly, plaintiff's instant request is **DENIED**.

Plaintiff has also filed a document which is titled "Motion for Malefeasion [sic] of Office, Threats, Harassment." Rec. Doc. 7. That document is hereby construed as a motion for leave to amend the complaint to add Bryan Williams as a defendant in this action and to assert additional claims against him. That motion is **GRANTED** and the Clerk is directed to file the motion as an amended complaint. However, the Clerk is further directed to withhold issuance of summons to Williams until further order of the Court.

Plaintiff has also filed two motions for a temporary restraining order. Rec. Docs. 4 and 8. Despite plaintiff's request for a temporary restraining order, his motions must be construed solely as ones for a preliminary injunction because the relief he seeks would extend beyond the ten-day limit of a temporary restraining order. Neal v. Federal Bureau of Prisons, 76 Fed. App'x 543, 545 (5th Cir. 2003).

Under the law of this Circuit, a plaintiff must make a clear showing that his case satisfies the following four criteria before he can receive a preliminary injunction: (1) a substantial likelihood exists that he will succeed on the merits of his claim; (2) a substantial threat of irreparable harm exists if the injunction is not granted; (3) the threatened injury outweighs any harm to the defendants if the injunction is granted; and (4) the injunction will not undermine the public interest. See Valley v. Rapides Parish School Board, 118 F.3d 1047, 1051 (5th Cir. 1997); see also Ingebresten v. Jackson Public School District, 88 F.3d 274, 278 (5th Cir. 1996); Doe v. Duncanville Independent School District, 994 F.2d 160, 163 (5th Cir. 1993); Holland American Ins. Co. v. Succession of Roy, 777 F.2d 992, 997 (5th Cir. 1985). He must satisfy all four factors; a failure to satisfy even one of the four factors requires a denial of the preliminary injunction. See Mississippi Power & Light v. United Gas Pipe Line Co., 760 F.2d 618, 621 (5th Cir. 1985).

The United States Fifth Circuit Court of Appeals has frequently cautioned that a preliminary injunction is an "extraordinary remedy" which should be granted only if the movant has clearly carried the burden of persuasion on all four of the above prerequisites. See, e.g., Cherokee Pump & Equipment Inc. v. Aurora Pump, 38 F.3d 246, 249 (5th Cir. 1994). As a result, "[t]he decision to grant a preliminary injunction is to be treated as the exception rather than the rule." Id.; see also

House the Homeless, Inc. v. Widnall, 94 F.3d 176, 180 (5th Cir. 1996).

That extraordinary remedy is not warranted in this case. The Court finds that plaintiff has failed to make a clear showing on any of the four required criteria for a preliminary injunction. Moreover, the Court notes that plaintiff's motion is based on nothing more than vague and conclusory allegations of harassment by guards on his current unit. Such allegations are clearly insufficient to warrant a preliminary injunction. See, e.g., Lawson v. Berkebile, Civ. Action No. 3:07-CV-1516, 2007 WL 2873189, at *1 (N.D. Tex. Oct. 2, 2007) ("[S]elf-serving and conclusory allegations, unsupported by any evidence, do not come close to establishing the requirements for a preliminary injunction."); see also Neal v. Federal Bureau of Prisons, 76 Fed. App'x 543, 545-46 (5th Cir. 2003) ("Neal alleges no facts beyond the conclusory allegations of a conspiracy against him that suggest the prison staff will assault him in the future. ... Any preliminary injunction issued by the court would merely be an order for Defendants to do their duty."). Further, at the Spears hearing in this matter, plaintiff stated that he refuses to go into protective custody. That refusal belies any contention that the harassment on his current unit is sufficiently egregious to warrant this Court's intervention. Accordingly, his motions for a preliminary injunction are **DENIED**.

New Orleans, Louisiana, this thirteenth day of March, 2012.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**